IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JESSICA HERNANDEZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Criminal Case No. 1:15-cr-251
Civil Case No. 1:16-cv-1243

### Memorandum Opinion

THIS MATTER comes before the Court on Petitioner Jessica Hernandez's ("Petitioner") Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

Petitioner participated in a drug conspiracy that involved the distribution of large quantities of cocaine in Virginia and elsewhere. Between July 2014 and June 2015, Petitioner assisted her husband, the conspiracy leader, in the packaging and selling of cocaine. Petitioner purchased cutting agents, which increased the amount of cocaine available for distribution. She also met customers and exchanged cocaine for money. One on occasion, Petitioner accompanied her husband on a trip to Colorado to purchase one kilogram of cocaine, and successfully hid that cocaine in her shirt during an encounter with law enforcement. Petitioner also had access to a safe in the home she and her

husband shared that contained a firearm, drugs, and drug proceeds. A search warrant executed on the couple's two homes revealed the following: weapons; ammunition; $26,000 in cash; 215 grams of cocaine; multiple cellular phones; and a hydraulic press used for creating kilogram bricks of cocaine.

On June 24, 2015, Petitioner was arrested for conspiracy to distribute cocaine. That same day, Petitioner appeared before a judge and was appointed counsel. On July 13, 2015, Petitioner filed a motion requesting that attorney Abu Kalokoh ("Attorney Kalokoh" or "former counsel") be substituted as counsel. That motion was granted, and Attorney Kalokoh was substituted as counsel of record.

On August 19, 2015, Petitioner pleaded guilty, pursuant to a written plea agreement, to a one-count criminal information charging her with conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. In exchange, the government agreed to recommend a downward sentencing adjustment for acceptance of responsibility. As part of the signed plea agreement, Petitioner affirmed, among other things, that she read and reviewed the plea agreement in its entirety with her attorney, that she was satisfied with her attorney's work, and that she was waiving her right to appeal.

At the plea hearing held the same day, the judge conducted a full Rule 11 plea colloquy. During the plea colloquy, and

2

while under oath, Petitioner, among other things, indicated that she was satisfied with Attorney Kalokoh's representation, that she was pleading guilty by her own volition, and that she reviewed the plea agreement with Attorney Kalokoh. The judge then continued proceedings for sentencing to November 13, 2015.

Meanwhile, on October 9, 2015, the probation office submitted the PSR. In the PSR, Petitioner received no adjustment for having a minor role in the criminal activity and received no relief from the mandatory minimum sentence of 120 months of imprisonment under the safety valve provision due to her possession of a firearm in connection with the offense and her lack of candor with the government. Petitioner, however, did receive a downward adjustment for her acceptance of responsibility. The PSR's calculated guidelines range was the statutory mandatory minimum sentence of 120 months of imprisonment.

On November 6, 2016, the government filed its position on sentencing and recommended that the mandatory minimum sentence be imposed. On November 11, 2015, Attorney Kalokoh submitted two objections to the PSR: the first disputing that Petitioner "possessed" a firearm and the second disputing that Petitioner was less than forthcoming with information. Attorney Kalokoh also filed a position on sentencing, arguing that Petitioner should receive relief from the mandatory minimum sentence on

3

account of the safety valve provision. In support thereof, Attorney Kalokoh submitted several letters, a social worker's report, and several certificates attesting to Petitioner's educational pursuits, sobriety, good nature, and faith.

On November 13, 2015, Petitioner appeared before this Court for sentencing. At the hearing, Attorney Kalokoh again raised his objections to the PSR and reiterated his position as to Petitioner's eligibility for the safety valve provision. The Court considered but ultimately rejected Attorney Kalokoh's argument and sentenced Petitioner to the statutory mandatory minimum sentence of 120 months of imprisonment. Judgment was entered on November 24, 2015.

On September 30, 2016, Petitioner filed a pro se § 2255 motion, arguing that she was entitled to the retroactive application of Amendment 794 to the United States Sentencing Guidelines ("USSG"). On November 15, 2016, Petitioner filed another pro se § 2255 motion, arguing that she received ineffective assistance of counsel. On December 6, 2016, Petitioner filed a memorandum of law in support of her claims of ineffective assistance of counsel. On December 20, 2016, Petitioner filed a corrected memorandum of law in support of her claims of ineffective assistance.

A prisoner in federal custody may move to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. To

4

prevail under § 2255, a petitioner has the burden of proving by a preponderance of the evidence that her sentence was imposed in violation of the Constitution or laws of the United States, that the Court lacked jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a), (f); see also Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the Court may summarily dismiss the motion without holding an evidentiary hearing when motion and records conclusively show that the petitioner is not entitled to relief. United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992).

In her first § 2255 motion, Petitioner asserts that she is entitled to the retroactive application of Amendment 794 to the USSG. She contends that under the Amendment, her base offense level as calculated under the USSG should be reduced because she was a minor participant in the drug conspiracy. This claim fails. Amendment 794, which went into effect on November 1, 2015, amended the commentary to USSG § 3B1.2, dealing with a defendant's role in the offense. See USSG App. C, Amend. 794, at 116 (Supp. Nov. 1, 2015). Amendment 794 introduced a list of non-exhaustive factors for a sentencing court to consider when determining whether or not to apply a mitigating role adjustment. United States v. Gomez-Valle, 828 F.3d 324, 327 (5th

5

Cir. 2016). The Amendment was intended to clarify § 3B1.2, but it was not a substantive change. Id.

Here, Petitioner cannot claim retroactive application of Amendment 794. As noted above, Amendment 794 went into effect on November 1, 2015, approximately two weeks prior to Petitioner's sentencing on November 13, 2015. Thus, on the date of Petitioner's sentencing, Amendment 794 was in effect and any benefit she may have derived from it was available to her. See Dorsey v. United States, 132 S. Ct. 2321, 2332 (2012) (requiring a sentencing judge to use the version of "the Guidelines Manual in effect on the date that the defendant is sentenced")(quoting USSG § 1B1.11). Because Amendment 794 was in effect at the time of sentencing, Petitioner fails to state a claim for § 2255 relief on this basis. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970) (stating "[w]here the files and records conclusively show that the prisoner is entitled to no relief, summary dismissal is appropriate").

Assuming arguendo Petitioner's § 2255 motion includes the argument that the sentencing court did not properly apply Amendment 794, such an argument is equally unavailing. A § 2255 motion is not the proper vehicle to ask the Court to apply the factors set forth in Amendment 794 in the hopes of obtaining a sentencing reduction. See United States v. Addonizio, 442 U.S. 178, 185 (1979) (noting the relief contemplated by § 2255 "does

6

not encompass all claimed errors in conviction and sentencing"); United States v. Newbold, 791 F.3d 455, 459 (4th Cir. 2015) (discussing the types of errors that can be corrected under § 2255 and noting that "ordinary misapplication of the guidelines" is not such an error) (citation and internal quotation marks omitted); United States v. Foote, 784 F.3d 931, 940-43 (4th Cir. 2015) (recognizing as cognizable on collateral review only those sentencing errors in cases of actual innocence and sentences issued above the statutory maximum).

Here, any alleged failure by the sentencing court to apply Amendment 794's factors did not render Petitioner's sentence unconstitutional, in violation of federal law, in excess of the life imprisonment statutory maximum, nor did it deprive the court of jurisdiction. Any alleged failure to apply Amendment 794 also cannot be said to be a fundamental defect or omission resulting in a complete miscarriage of justice. Petitioner, therefore, fails to state a cognizable claim under § 2255.

Petitioner cites to the Ninth Circuit's decision in Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), in support of her claim, but that case is inapposite. In Quintero-Leyva, the defendant was sentenced one year prior to the enactment of Amendment 794 and, when Amendment 794 went into effect, the defendant's case was on direct appeal before the Ninth Circuit. Id. at 521. The Ninth Circuit held that Amendment 794 applied

7

retroactively to cases on direct appeal. Id. at 523. In contrast to the defendant in Quintero-Leyva, Petitioner's proceedings are before this Court on collateral review, not on direct appeal. Moreover, unlike the defendant in Quintero-Leyva, Petitioner's case does not involve the enactment of an amendment post-sentencing, as Amendment 794 went into effect before Petitioner was sentenced. Therefore, Quintero-Leyva provides no basis for granting Petitioner's first § 2255 motion.

Next, Petitioner's supplemental § 2255 motion rests solely on the claim that her former counsel, Attorney Kolokoh, was constitutionally ineffective. To succeed on an ineffective assistance of counsel claim, a petitioner must prove both: "(1) deficient performance and (2) prejudice." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); see Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must show that counsel's representation under the circumstances was objectively unreasonable based on prevailing professional norms. Strickland, 466 U.S. at 688. To prove prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A petitioner must prove both deficient performance and prejudice. See id. at 700.

Petitioner claims her former attorney was ineffective during the plea portion, the sentencing portion, and the post-

8

sentencing portion of her case. Petitioner's claims all fail for lack of deficient performance and for lack of prejudice. Moreover, Petitioner's claims are odds with the record, her own sworn statements to the Court, and the affidavit Attorney Kalokoh submitted in response to the allegations levied against him. The Court, therefore, should reject Petitioner's claims of ineffective assistance of counsel.

Pursuant to Fourth Circuit precedent, "[a]bsent clear and convincing evidence to the contrary, a [petitioner] is bound by the representations [s]he makes under oath during a plea colloquy." Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992). Unless there are extraordinary circumstances, a petitioner's allegation in a § 2255 motion that directly contradict her sworn statements in a Rule 11 plea colloquy are "always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

Here, during the plea colloquy, Petitioner affirmed, under oath, her satisfaction with how counsel represented her and that she was freely and voluntarily pleading guilty. Petitioner did not raise any of the allegations she now raises as to former counsel's performance to the Court during the plea hearing despite direct questioning on the subject. Moreover, in the plea agreement, which she signed and attested that she read and

understood, Petitioner affirmed that she was "satisfied that [Attorney Kalokoh] has rendered effective assistance." In her § 2255 motion, Petitioner presents no evidence, let alone evidence that is clear and convincing, to refute her own sworn statements. Further, Petitioner's claim that Attorney Kalokoh "push[ed] her into pleading guilty" and "never made trial an option" is belied by the record and Attorney Kalokoh's affidavit. Petitioner affirmed to the Court during the plea colloquy that she decided to plead guilty and that she had discussed that decision with her attorney. According to Attorney Kalokoh's affidavit, Petitioner explained that she wanted to plead guilty because she did not want to testify against her husband or have him testify against her, that she did not want to further incriminate herself or cause damage to her husband's case, that she did not want to reveal certain information about the couple's criminal activity and involvement, and that she wanted to get the case over with. On this record, Petitioner's allegation of ineffective assistance is palpably incredible, and Attorney Kalokoh's performance was not deficient.

Petitioner's contention that Attorney Kalokoh "failed to adequately review the Plea Agreement" with her is unsupported by the record. Indeed, during the plea colloquy, Petitioner affirmed that she had sufficient time to discuss the plea agreement with her attorney. She made a similar affirmation in

10

signing the plea agreement. Thus, Petitioner's claim that former counsel did not adequately review the plea agreement with her is also palpably incredible.

Petitioner avers in her "corrected" memorandum of law that she had insufficient communication with Attorney Kalokoh. Petitioner initially indicated that she met with her attorney five times, but then later indicated in her corrected memorandum of law that she only met with her attorney twice. In his affidavit, Attorney Kalokoh recalls meeting with Petitioner in person, at length, on at least four occasions prior to her plea hearing and that he advised her on the relevant facts and law. Regardless of whether Petitioner met with former counsel on two, four, or five occasions, she is bound by her own affirmation in the plea hearing that she had "sufficient time to discuss the case with [Attorney] Kalokoh." On this record, it cannot be said that Attorney Kalokoh provided deficient representation.

Petitioner's claim that Attorney Kalokoh failed to conduct an independent investigation is unsupported by any specific allegations of fact and is insufficient on its face. United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (explaining "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation") (citation and internal quotation marks omitted). Petitioner offers no explanation as to what, in her view, Attorney Kalokoh should

have investigated. She identifies no fact or claim Attorney Kalokoh should have investigated, no person Attorney Kalokoh should have interviewed, nor any lead Attorney Kalokoh should have followed. Absent a statement of specific facts or some objectively credible evidence, this conclusory claim must fail.

Petitioner claims Attorney Kalokoh failed to file substantive pretrial motions to challenge the government's case. But Petitioner fails to even attempt to identify what type of motion could have been filed or why that motion might have been successful. Even if Petitioner had identified the pre-trial motions that could have been filed, an attorney's failure to bring a pre-trial motion in a case where a defendant does not elect to go to trial cannot constitute ineffective assistance. Thus, Petitioner's conclusory and unsubstantiated allegations are unavailing on this claim.

Petitioner argues that Attorney Kalokoh failed to negotiate a more "favorable plea agreement with a less harsh sentence." Again, Petitioner's vague and conclusory statements are not sufficient to establish a viable claim. Furthermore, the record shows that former counsel did in fact obtain a more favorable plea agreement because he persuaded the government to remove a paragraph that would have made it easier for Petitioner to be removed from the United States. Thus, this claim is meritless.

Petitioner suggests that Attorney Kalokoh failed to review the PSR with her and asserts that Attorney Kalokoh failed to "file any objections to the PSR." Again, these assertions are refuted by the record and Attorney Kalokoh's affidavit. In fact, Attorney Kolokoh did notice objections to the PSR. He objected to paragraph 89 and the PSR's conclusion that Petitioner was not candid with the government in terms of providing information. Thus, Petitioner's claims with respect to the PSR are meritless.

Petitioner's assertion that Attorney Kalokoh failed to submit mitigating evidence during sentencing is also belied by the record. Along with an eleven-page sentencing memorandum, Attorney Kalokoh submitted twelve exhibits, which included letters from several of Petitioner's friends, her godmother, her sister, her Pastor, her step-son's mother, and Petitioner herself. All of these exhibits attested to Petitioner's positive qualities, background, and faith. Attorney Kalokoh also submitted as exhibits a report from a licensed social worker, a certificate of completion of a 90-day sober living program, and a notice of Petitioner's acceptance into college level classes. Thus, Petitioner's claim that former counsel failed to submit mitigating evidence is contradicted by the record and meritless.

Lastly, Petitioner alleges former counsel was deficient because she instructed him to file a notice of appeal on her behalf but that he did not do so. Yet again, Petitioner offers

13

no proof to support this claim aside from her self-serving affidavit and conclusory statements, and the record contradicts her claims. In both the plea agreement and the plea colloquy, Petitioner clearly acknowledged that she understood that she was waiving her right to appeal her conviction and sentence. In addition, Attorney Kalokoh in his affidavit also flatly refutes Petitioner's claim, writing under oath that Petitioner never instructed him to file an appeal on her behalf. Finally, even if Petitioner's Attorney Kalokoh had filed an appeal, the appeal would have been dismissed because Petitioner waived her right to appeal. As such, there was no prejudice. Thus, Petitioner has failed to provide the requisite proof on this claim.

In sum, Petitioner is not entitled to the retroactive application of Amendment 794 to the USSG, and Petitioner has failed to credibly show that her former counsel rendered ineffective assistance or that she suffered any resulting prejudice. Thus, Petitioner is not entitled to relief under § 2255, and both of her motions are DENIED. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
~~August~~ Sept. 5, 2017